UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HASSAN GENERAL CONTRACTING CORP.,

                Plaintiff,

- against -

CENTURY SURETY COMPANY,

                Defendant.
-------------------------------------------------------x

MEMORANDUM AND ORDER

14 Civ. 4130 (ILG) (PK)

GLASSER, Senior United States District Judge:

Before the Court is Defendant Century Surety Company's motion for summary judgment and Plaintiff Hassan General Contracting Corporation's cross-motion for summary judgment. For the reasons described below, Defendant's motion is GRANTED, and Plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff seeks a declaratory judgment that Defendant, a general commercial liability insurer, is required to indemnify and defend Plaintiff in two third-party negligence suits. The third-party actions involve a May 2011 construction accident in which one of Plaintiff's employees, Abdus Patwary, hurt his hand on a table saw. The accident occurred at a construction site in Hempstead, New York, where Plaintiff was a subcontractor, hired by D.E.C.A. Development, Inc., another contractor on the project. Plaintiff's president, Mohammad Hassan, was at the construction site on the day of the accident, supervising Patwary and other employees.

1

The accident led to a Workers' Compensation hearing in which the Workers' Compensation Board determined that Plaintiff was Patwary's employer at the time of the accident and directed it to make disability payments to him.

In June 2011, Patwary brought a negligence action against D.E.C.A. and the owner of the construction site. Those parties then sued Plaintiff for indemnification. Plaintiff sought defense and indemnification against those third-party actions from Defendant under a general commercial liability insurance policy in force from September 9, 2010 to September 9, 2011.

Defendant denied coverage in late 2011, citing an "Employers Liability" provision in Plaintiff's contract that excludes coverage for employees of the insured who suffered bodily injury during the course of employment. (Kohane Aff. Ex. R at 2–5, ECF No. 11-20.) That denial of coverage begat this declaratory judgment action, which was filed in New York State Supreme Court and removed to this Court on July 3, 2014, pursuant to 28 U.S.C.A. § 1446. Both parties now move for summary judgment.

## DISCUSSION

1. **Legal Standard**

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact[.]" Fed. R. Civ. P. 56(a). The party "asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A). To defeat a properly supported summary judgment motion, a party must "proffer admissible evidence that 'set[s] forth specific facts' showing a genuinely disputed factual issue that is material under the applicable legal principles." Major League Baseball Properties, Inc. v.

Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008) (quoting Fed. R. Civ. P. 56(e)). If a party "fails to properly support an assertion of fact as required by Rule 56(c), then the court may grant summary judgment against it." Timbie v. Eli Lilly & Co., 429 F. App'x 20, 23 (2d Cir. 2011).

   2. **Relevant Insurance Policy Exclusion**

The parties do not dispute which exclusion in Plaintiff's insurance contract is relevant here, or what that exclusion means. They agree that the provision at issue precludes coverage for "bodily injury" to any "employee of [Plaintiff's] arising out of and in the course of . . . employment by [Plaintiff]; or . . . [p]erforming duties related to the conduct of [Plaintiff's] business[.]" (Kohane Aff. Ex. O, ECF No. 11-17.) Thus, the only question to be decided by the Court is whether the undisputed evidence demonstrates, as a matter of law, that Patwary was an employee of Plaintiff's, who was injured in the course of his employment. If so, the employer exclusion applies and Defendant is not required to indemnify or defend Plaintiff in its third-party suits.

   3. **Application of Policy Exclusion**

Surveying the undisputed evidence, it is clear that Patwary was Plaintiff's employee at the time of his injury, and that he was injured in the course of that employment. Plaintiff does not dispute that Patwary was his general employee in May 2011 (Mohammad Hassan Aff. at ¶¶ 5-6, ECF No. 15-6), but asserts that on the particular day of his accident, Patwary was a special employee, or "borrowed servant," of D.E.C.A. (Pl.'s Mem. In Opp'n to Defs.' Mot. for Summ. J. *passim*, ECF No. 15-18.) For this argument, Plaintiff cites the well-established principle that under New York law the general employee of one employer can become the special employee of another. See Thompson v. Grumman Aerospace Corp., 78 N.Y.2d 553, 557 (1991).

The transition from general to special employment is marked by a "clear demonstration of surrender of control by the general employer and assumption of control by the special employer." Id. To identify who has "control" of the employee, courts ask, principally, "who controls and directs the manner, details, and ultimate result of the employee's work." Cipollone v. Aramark Healthcare Support Servs., LLC, No. 10 CV 175 (RML), 2012 WL 683578, at *3 (E.D.N.Y. Mar. 2, 2012) (citing Thompson, 78 N.Y.2d at 557). Courts also consider who pays the worker's wages, who provides the equipment, who can fire the worker, and which business benefits most from the worker's efforts. Id. Further, the question of a worker's status may be determined as a matter of law "where the specific, undisputed critical facts compel a conclusion and present no triable issue of fact." Crowley v. Larkin, Pluznick, Inc., No. 98 CV 5730, 2001 WL 210496, at *3 (E.D.N.Y. Feb. 26, 2001) (determining employment status as a matter of law); see also Thompson, 78 N.Y.2d at 557–58 (collecting cases).

Plaintiff has failed to create a material issue of fact as to whether Patway was in its employ when he was injured. Plaintiff attempts to demonstrate that Patway was a special employee of D.E.C.A. via a two-page affidavit submitted by Mohammed Hassan. However, that affidavit contains one concrete fact—that the table saw that injured Patway belonged to D.E.C.A.—and it is not decisive. (Hassan Aff. at ¶ 9, ECF No. 15-6.) See Thompson, 578 N.Y.S.2d at 558 ("Many factors are weighed in deciding whether a special employment relationship exists, and generally no one is decisive."). Indeed, at the time of his injury Patway was also using equipment provided by the Plaintiff. (See Patway Dep. at 40:24-41:4, ECF No. 11-8 (testifying that Hassan gave him the hard hat he was wearing on the day of his injury).)

As for the remaining statements in Hassan's affidavit, they do not create a material issue of fact. Hassan declares that "the foreman of DECA borrowed Patway to perform work for

DECA" (Hassan Aff. at ¶ 7, ECF No. 15-6 (sic))—but this ipse dixit, without the support of concrete details, cannot sustain Plaintiff's burden. See Schwapp v. Town of Avon, 118 F.3d 106, 111 (2d Cir. 1997) ("To the extent that [] affidavits contain bald assertions and legal conclusions . . . the district court properly refused to rely on them."). Hassan also states that "[t]he foreman of DECA assigned Patwary to cut lumber and make forms for steps" (Hassan Aff. at ¶ 7, ECF No. 15-6 (sic).) Without more, that statement hardly supports even an inference of a transition from general to special employment.

Given the specifically relevant testimony of Patwary, elicited in his deposition – that he worked exclusively for the Plaintiff in May 2011 (Patwary Dep. at 110:17-24; 111:14-15, ECF No. 11-9); that Mohammed Hassan was his "boss" (id. at 75:17-20, ECF No. 11-8); that at the time of the accident he was told to "build the staircase, steps, and to cut the wood" (id. at 145:23-24, ECF No. 11-9) in furtherance of Plaintiff's work[1]; and that he was instructed by no one other than Plaintiff when he was injured (id. at 147:19-22; 149:13-25, ECF No. 11-9) – Plaintiff's claim falls far short. Other than his assertion that the saw used by Patwary belonged to D.E.C.A., Plaintiff offers nothing more than "he was not my employee," which provides him with no legal shelter. Accordingly, Defendant's motion for summary judgment is GRANTED. SO ORDERED.

Dated:      Brooklyn, New York
              December 15, 2015

                                         /s/ I. Leo Glasser
                                         I. Leo Glasser
                                         Senior United States District Judge

---

[1] According to his employment contract, Plaintiff was hired to "[p]repare, form, and pour . . . new concrete stairs[.]" (Kohane Aff. Ex. F at ¶ 2, ECF No. 11-7.)